UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| ALFONZO GABRIEL ARIAS, BETUEL CASTRO CAMACHO, WILLIAN ALBERTO GIMENEZ GONZALEZ, LUIS ADRIAN GOMEZ, JUAN CARLOS MONTANO, and LATINO UNION, INC., | ) ) ) ) ) ) | | |
| Plaintiffs, | ) ) | No. | 1:24-cv-06859 |
| v. | ) ) | | |
| CITY OF CHICAGO, HOME DEPOT U.S.A., INC., ANGEL MARTINEZ, ERIC GAYTAN, ALEJANDRO ROJAS, DONNIE REID, CHICAGO POLICE OFFICER JOHN DOES, and HOME DEPOT JOHN DOES, | ) ) ) ) ) ) | | |
| Defendants. | ) | | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS HOME DEPOT, ALEJANDRO ROJAS, AND DONNIE REID'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................ 1

BACKGROUND ............................................................................................................................. 1

LEGAL STANDARD ..................................................................................................................... 2

ARGUMENT .................................................................................................................................. 2

I.    PLAINTIFFS' GROUP PLEADING IS IMPERMISSIBLY VAGUE. .................................. 2

II.    COUNTS VI, VII, AND XIV SHOULD BE DISMISSED BECAUSE PLAINTIFFS HAVE FAILED TO PLEAD THE ELEMENTS OF A CONSPIRACY. ........................................ 4

    A.    Plaintiffs fail to allege the existence of a conspiracy. ........................................ 4

    B.    Plaintiffs have failed to allege an unlawful purpose. ........................................ 6

    C.    Count XIV fails because Plaintiffs fail to allege any tortious act related to assault or battery. ................................................................................................................ 7

    D.    Plaintiffs have failed to allege facts plausibly supporting a claim for neglect to prevent a racially motivated conspiracy under 42 U.S.C. § 1986. ............................................. 7

III.    PLAINTIFFS HAVE FAILED TO PLEAD FACTS THAT SUPPORT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (COUNT XI). ........................................................ 8

IV.    PLAINTIFFS FAIL TO STATE A CLAIM FOR FALSE ARREST (COUNT XII) OR MALICIOUS PROSECUTION (COUNT XIII). ............................................................................ 9

    A.    Plaintiffs have failed to allege facts plausibly demonstrating that their criminal prosecutions were terminated in a matter indicative of their innocence. ..................... 9

    B.    Plaintiffs' malicious prosecution claim fails because they have not alleged the initiation of the prosecution is attributable to Defendants Rojas and Reid. ............................. 10

    C.    Counts XII and XIII fail because Plaintiffs have not adequately alleged that Defendants Rojas or Reid acted with malice or without probable cause. ..................... 11

    D.    Plaintiffs' false arrest claim fails because they have not alleged that Defendants Rojas and Reid commanded or pressured police to arrest them. ........................................ 12

V.    COUNT VIII FAILS TO STATE A CLAIM FOR DENIAL OF EQUAL PROTECTION BASED ON RACE IN THE MAKING AND ENFORCEMENTS OF CONTRACTS. ............. 12

VI.    COUNT XVI FAILS BECAUSE PLAINTIFFS ALLEGE NO FACTS PLAUSIBLY SUPPORTING A CLAIM OF RESPONDEAT SUPERIOR LIABILITY. ................................... 13

VII.    COUNT XV FAILS BECAUSE PLAINTIFFS FAIL TO STATE A CLAIM FOR GROSS NEGLIGENCE BASED ON THE DEFENDANT OFFICERS' ACTIONS. ............................. 15

**INTRODUCTION**

Plaintiffs are individual migrants and a not-for-profit organization who allege that civil rights violations and state law torts were committed against migrants seeking work as day laborers at Home Depot Store #1986, located at 4555 S. Western Boulevard in Chicago. Specifically, Plaintiffs allege that, starting around October 2023, following a surge of migrants arriving in Chicago, Home Depot increased security at Store #1986, including by hiring off-duty Chicago police officers, some of whom Plaintiffs allege engaged in acts of discrimination and abuse against them.

Regarding Home Depot and the two named Home Depot employees, Alejandro Rojas and Donnie Reid (collectively "the Home Depot Defendants"), the Complaint baldly alleges that they conspired "to harm and criminalize Plaintiffs based on their national origin, ethnicity, race, and attempts to support themselves and their families." Compl. ¶ 52.[1] While the Complaint avers that Rojas and Reid were present for the detention and initiation of trespass charges against three of the five individual Plaintiffs, it offers no specific allegations that Rojas or Reid knew of or participated in any discrimination or abuse. Furthermore, Plaintiffs' claims against Home Depot fail to allege facts to establish that the off-duty officers were acting as agents of Home Depot when they engaged in the alleged misconduct. Plaintiffs' claims thus fail to satisfy minimum pleading standards regarding the Home Depot Defendants and should be dismissed with prejudice.

**BACKGROUND**

In 2023, there was a rise in the number of day laborers from Venezuela and other South American countries at Home Depot Store #1986. Compl. ¶ 39. Plaintiffs allege that, in response, Defendant Home Depot "took steps to increase security presence at Home Depot Store #1986…

---

[1] Home Depot, Reid, and Rojas ardently deny that they engaged in any discriminatory or wrongful behavior.

including an effort to hire off-duty [Chicago Police Department ("CPD")] officers working secondary employment."[2] Compl. ¶ 35. While each Plaintiff alleges a distinct set of facts, they all generally allege that they were "detained and assaulted while seeking work at Home Depot Store #1986" by off-duty CPD Officers ("Defendant Officers") and "insulted with xenophobic racial epithets." Compl. ¶¶ 47–48. Most of Plaintiffs' allegations are directed at the Defendant Officers, but Plaintiffs Camacho and Gimenez allege that Defendant Rojas participated in their "detention, arrest and prosecution" and initiated criminal complaints against them. *See* Compl. ¶¶ 107, 148. Likewise, Plaintiff Montano alleges that Defendant Reid "was present for and participated in" his detention and arrest and initiated a criminal complaint against him. Compl. ¶ 188. On the basis of these allegations, Plaintiffs bring 17 causes of action under federal and Illinois law, nine of which are directed at the Home Depot Defendants.

**LEGAL STANDARD**

To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]hreadbare recitals of the elements of a cause of action" and "mere conclusory statements" are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs have not met this standard as to the Home Depot Defendants, and their claims should be dismissed.

**ARGUMENT**

**I.    PLAINTIFFS' GROUP PLEADING IS IMPERMISSIBLY VAGUE.**

Throughout the Complaint, Plaintiffs have engaged in impermissible group pleading that does not put the Home Depot Defendants on notice as to the specific accusations against them. "Each defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint

---

[2] Defendant Officers were hired not by Home Depot, but by a third-party security provider, Allied Universal. A stray reference to Allied Universal in the Complaint suggests Plaintiffs are aware of this relationship. Compl. ¶ 292 ("Count XV is alleged against Home Depot, Allied Universal, [others].")

based on a theory of collective responsibility must be dismissed." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013); Fed. R. Civ. P. 8(a).

Plaintiffs' claims impermissibly rely on the type of group pleading that has been specifically rejected in this Circuit. In *Brooks v. Ross,* the Seventh Circuit considered constitutional and state law claims raised against multiple state officials, where the plaintiff alleged that "one or more of the defendants" had engaged in misconduct. 578 F.3d 574 (7th Cir. 2009). In dismissing the claims, the court reasoned that vague language that does not adequately connect specific defendants to illegal acts does not provide adequate notice. *Id*. at 580.

Plaintiffs' allegations here are similarly vague. Plaintiffs allege that "some or all Defendants" were responsible for certain alleged acts or omissions in Counts VI and VII without identifying who did what. *See*, *e.g.*, Compl. ¶ 241 ("Some or all of the individual Defendants together reached an understanding…"), ¶ 247 ("Some or all of the individual Defendants agreed between and among themselves…"). And in Counts VIII, XI, XII, XIII, XIV,[3] Plaintiffs refer generally to "these Defendants" or "all the individual Defendants" without specifying which of the individual Defendants did which things, or which factual allegations against each Defendant support each claim. *See*, *e.g.*, Compl. ¶ 252 (alleging Count VIII against "all the individual Defendants"), ¶ 281 (alleging Count XIII against "these Defendants").

In *Atkins v. Hasan*, a court in this district considered a complaint that took a similar "group pleading" approach. No. 15 CV 203, 2015 WL 3862724, at *3 (N.D. Ill. June 22, 2015). The court noted that "what plaintiffs neglect to explain… is precisely who of the named defendants did which [of the wrongful acts]. This is a problem because… liability is personal." *Id*; *See also Bank of Am.*,

---

[3] Despite the fact that these Counts are brought by all Plaintiffs against all individual Defendants, the Complaint does not allege a single interaction between Plaintiffs Arias and Gomez and any Home Depot Defendant, and, as noted, it only alleges that Rojas and Reid participated in detentions and initiation of charges for certain Plaintiffs, without alleging any wrongful act by Rojas or Reid.

3

725 F.3d at 818 (noting that "a contention that 'the defendants looted the corporation' – without any details about who did what – is inadequate"); *Lattimore v. Village of Streamwood*, No. 17 C 8683, 2018 WL 2183991, at *4 (N.D. Ill. May 11, 2018) (dismissing claims against 13 officers where specific wrongful actions were only alleged against one officer).

This Complaint fails to notify the Home Depot Defendants as to precisely who among all Defendants allegedly did what wrongful acts, which does not satisfy minimum pleading standards.

## II. COUNTS VI, VII, AND XIV SHOULD BE DISMISSED BECAUSE PLAINTIFFS HAVE FAILED TO PLEAD THE ELEMENTS OF A CONSPIRACY.[4]

### A. Plaintiffs fail to allege the existence of a conspiracy.

Several of Plaintiffs' claims sound in conspiracy but fail to adequately allege that a conspiracy existed. The existence of a conspiracy is a necessary element under 42 U.S.C. §§ 1985(3) (Count VI),[5] 1986 (Count VI), and 1983 (Count VII), as well as Illinois state law (Count XIV). *See Milchtein v. Milwaukee Cnty.*, 42 F.4th 814 (7th Cir. 2022) (Section 1985(3) elements); *Burton v. Oak Point Univ.*, No. 1:24-CV-00295, 2024 WL 3338925 (N.D. Ill. July 9, 2024) (elements of Section 1983 under a theory of conspiracy); *Clay Fin. LLC v. Mandell*, No. 16 C 11571, 2017 WL 3581142 (N.D. Ill. Aug. 18, 2017) (elements of Illinois state law conspiracy).

To successfully plead a Section 1985 claim, Plaintiffs are required to "allege an express or implied agreement among the defendants to deprive them of their constitutional rights." *Milchtein*, 42 F.4th at 827. While every conspirator is responsible for co-conspirators' acts within the scope of the agreement, "it remains essential to show that a particular defendant joined the conspiracy and knew of its scope." *Bank of Am.*, 725 F.3d at 818. Relatedly, under Section 1986, a complaint

---

[4] Counts VI, VII and XIV are brought only as to individual Defendants.
[5] Plaintiffs apparently rely on subsection (3) of 42 U.S.C. § 1985, which provides for recovery based on a conspiracy to deprive persons of equal protection or of equal privileges and immunities. Subsection (1) is inapplicable because it applies only to conspiracies to prevent federal officers from performing their duties, and Subsection (2) is inapplicable because it applies only to conspiracies to obstruct justice by intimidating a party, witness, or juror. *See Bowman v. City of Franklin*, 980 F.2d 1104, 1008 n. 4 (7th Cir. 1992).

does not sufficiently allege a cause of action unless it alleges the existence of a conspiracy prohibited by Section 1985. *Loy v. Clamme*, 804 F.2d 405, 408 (7th Cir. 1986). And a complaint that contains only bare, conclusory allegations of a conspiracy, without any recitation of supporting facts showing the existence of an unlawful agreement, is insufficient to establish a cause of action under either Section 1985 or 1986.

The conspiracy requirement under Section 1983 is similar. The general rule is that only conduct committed by a person acting under color of state law can give rise to a Section 1983 claim. Plaintiffs have not alleged that Defendants Rojas and Reid are state actors. While a private party who conspires with the government to infringe on a plaintiff's rights can be classified as a state actor under the "joint action" theory , *Scott v. U. of Chicago Med. Ctr.*, 107 F.4th 752, 757 (7th Cir. 2024), to survive dismissal, Plaintiffs must point to more than "mere allegations of joint action or a conspiracy…." *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998). Plaintiffs must instead allege plausible facts that Rojas and Reid "had a meeting of the minds and thus reached an understanding ... to deny" the Plaintiffs "a constitutional right." *Wilson v. Warren County*, 830 F.3d 464, 468 (7th Cir. 2016) (alterations and citation omitted). "Merely working in parallel toward 'a common goal' is not the same as conspiring together." *Scott*, 107 F.4th at 758 (citation omitted). The same requirement applies to the Illinois state law conspiracy claim in Count XIV. "A plaintiff must point to evidence showing the existence of a conspiracy and the defendants' knowing participation in that conspiracy and allege **specific facts warranting an inference that the defendant was a member of the conspiracy**." *Davidson v. Worldwide Asset Purchasing, LLC*, 914 F. Supp. 2d 918, 924 (N.D. Ill. 2012) (emphasis added).

Plaintiffs have not plausibly alleged facts to establish that Rojas or Reid entered into an express or implied agreement to violate Plaintiffs' civil rights. Instead, Plaintiffs vaguely allege

5

that "[s]ome or all of the individual Defendants together reached an understanding, engaged in a course of conduct, and otherwise jointly acted and/or conspired. . .". *See* Compl. ¶ 241; *see also* Compl. ¶ 247 ("Some or all of the individual Defendants agreed between and among themselves. . . to deprive Plaintiffs of their constitutional rights . . .") ¶ 287 ("the individual Defendants, acting in concert with other . . . coconspirators, conspired by concerted action. . ."). Such allegations are insufficient as a matter of law.

In *Briscoe v. LaHue*, the Seventh Circuit held that a conclusory allegation of conspiracy in an "omnibus paragraph" failed to state a Section 1983 claim because it was "wholly devoid of facts." 663 F.2d 713 (7th Cir. 1981), aff'd, 460 U.S. 325 (1983). Here too, Plaintiffs' Complaint is wholly devoid of facts upon which a claim for relief can be based, and courts must dismiss conspiracy claims where plaintiffs do not describe the conspiracy, except to say it exists. *Smith v. Lutheran U. Assn. Inc.*, No. 2:21-CV-178-TLS-JPK, at *4, 2021 WL 4902492 (N.D. Ind. Oct. 21, 2021). For these reasons, Counts VI, VII, and XIV must be dismissed as to Rojas and Reid.

### B. Plaintiffs have failed to allege an unlawful purpose.

Each of the three conspiracy claims also require allegations that the conspiracy was entered into with an unlawful purpose. To successfully plead a Section 1985(3) claim, Plaintiffs must plead that the conspiracy was made for the purpose of depriving, either directly or indirectly, a person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. *Milchtein*, 42 F.4th. at 827. Put another way, Plaintiffs must plead "discriminatory animus" by alleging "specific allegations suggesting the existence of such a motivation." *Id.*; *see also Wilson*, 830 F.3d at 468 (plaintiffs must allege that co-conspirators "had a meeting of the minds... to deny" the plaintiffs "a constitutional right"). And the Illinois conspiracy claim (Count XIV) requires that the agreement be made "for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means." *Clay Fin.*, 2017 WL 3581142, at *6.

6

Plaintiffs have failed to allege facts plausibly demonstrating that Rojas or Reid acted with discriminatory animus or for any unlawful purpose. While Plaintiffs allege that certain Defendant Officers discriminated against and abused certain Plaintiffs based on their race or national origin, Plaintiffs have not alleged any such behavior by Rojas or Reid. (Plaintiffs Arias and Gomez have not even alleged that Rojas or Reid were present during any part of their alleged detentions.) Plaintiffs' conspiracy claims against Rojas and Reid thus should be dismissed for failure to allege any unlawful purpose.

### C. Count XIV fails because Plaintiffs fail to allege any tortious act related to assault or battery.

Count XIV, the Illinois state law conspiracy claim, also improperly attempts to tie Reid and Rojas to tortious conduct that was not otherwise alleged against them. Specifically, Count XIV charges Rojas and Reid with conspiracy to commit assault and battery. To allege a conspiracy under Illinois law, Plaintiffs must allege that Defendants committed "at least one tortious act by one of the co-conspirators in furtherance of the agreement." *Clay Fin.* 2017 WL 3581142, at *6. But Plaintiffs have not pleaded any facts plausibly alleging that Rojas or Reid committed any tortious act in furtherance of an assault or battery. Indeed, they do not include Rojas or Reid in the underlying claims for assault and battery at all.

### D. Plaintiffs have failed to allege facts plausibly supporting a claim for neglect to prevent a racially motivated conspiracy under 42 U.S.C. § 1986.

Even if Plaintiffs had pleaded sufficient facts to support a Section 1985 claim against Rojas and Reid, which they have not, they have not alleged sufficient facts to support a separate claim under Section 1986 in Count VI. For their Section 1986 claim to succeed, Plaintiffs must plausibly allege that Rojas and Reid knew a conspiratorial wrong was about to be committed, had power to prevent or aid in preventing the commission of these wrongs, and neglected to do so. *Burton*, 2024 WL 3338925, at *4.

Plaintiffs have not alleged that Rojas or Reid knew that any of the conspiratorial wrongs were about to be committed, or that they had the power to prevent the wrongs. Plaintiffs have not alleged any facts suggesting that Rojas or Reid had supervisory authority over the Defendant Officers or other Defendants who are alleged to have engaged in discriminatory behavior. And Plaintiffs have alleged no other practical manner in which Rojas or Reid could have exercised authority over those Defendants. Plaintiffs' conclusory assertion that all individual Defendants "[had] the power to prevent or aid in preventing the commission…" of the alleged unlawful acts is insufficient to state a claim. Compl. ¶ 243.

### III. PLAINTIFFS HAVE FAILED TO PLEAD FACTS THAT SUPPORT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (COUNT XI).[6]

Plaintiffs have not pleaded facts sufficient to support a claim for intentional infliction of emotional distress under Illinois state law. Elements of an IIED claim include: (1) defendant's conduct was extreme and outrageous; (2) defendant knew there was a high probability that his conduct would cause severe emotional distress; and (3) the conduct did in fact cause severe emotional distress. *Zuidema v. Raymond Christopher, Inc.*, 866 F. Supp. 2d 933, 941 (N.D. Ill. 2011).

As a matter of law, the conduct that Plaintiffs allege Rojas and Reid to have committed—being present during a detention and initiating a criminal complaint—is neither extreme nor outrageous. "[T]o qualify as outrageous, the nature of the defendant's conduct must be so extreme as to go beyond all possible bounds of decency and be regarded as intolerable in a civilized community. . .[T]he tort does not extend to 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" *Breneisen v. Motorola, Inc.*, 512 F.3d 972, 983 (7th Cir. 2008).

---

[6] Count XVI is brought only as to individual Defendants.

Store associates participating in temporary detention and initiation of charges against alleged shoplifters or trespassers cannot plausibly be described as "beyond all possible bounds of decency" or "intolerable in a civilized community." *See*, *e.g.*, *Zitzka v. Village of Westmont*, 743 F. Supp. 2d 887, 929 (N.D. Ill. 2010) (police performing drive-by surveillance of a family's house was not extreme and outrageous conduct); *Schiller v. Mitchell*, 828 N.E.2d 323, 333–34 (2005) (continuous video surveillance of a home was not extreme and outrageous); *Adams v. Sussman & Hertzberg, Ltd.*, 684 N.E.2d 935, 942–43 (1997) (defendant reporting plaintiff to police, believing that plaintiff had committed a crime, was not extreme and outrageous).

Plaintiffs have also failed to plead facts suggesting that Rojas and Reid knew that their conduct would cause severe emotional distress, or that their conduct did indeed cause severe emotional distress. For these reasons, Count XI against Rojas and Reid must be dismissed.

### IV. PLAINTIFFS FAIL TO STATE A CLAIM FOR FALSE ARREST (COUNT XII) OR MALICIOUS PROSECUTION (COUNT XIII).[7]

#### A. Plaintiffs have failed to allege facts plausibly demonstrating that their criminal prosecutions were terminated in a matter indicative of their innocence.

In Illinois, claims of malicious prosecution must be based on underlying criminal prosecutions that are terminated "in a manner indicative of the plaintiff's innocence." *Thompson v. City of Chicago*, 722 F.3d 963, 978 (7th Cir. 2013). Facts indicative of a plaintiff's innocence must be set forth in the Complaint. *Daoud v. City of Chicago*, No. 21 C 6663, 2023 WL 5389015 at *5 (N.D. Ill. Aug. 22, 2023). Plaintiffs' conclusory allegation that "[t]he charges against Plaintiffs were terminated in their favor," Compl. ¶ 283, is insufficient. *Daoud*, 2023 WL 5389015 at *5 ("[Plaintiff's] conclusory allegations that the criminal proceedings were terminated in his favor in a manner indicative of his innocence leave too much to be desired—they do not indicate

---

[7] Counts XII and XIII are brought only as to individual Defendants.

who dismissed the allegations, how or why they did so, or any other circumstances plausibly showing that the charges were terminated in a manner indicative of [Plaintiff's] innocence.")

Plaintiffs Camacho, Gomez, and Montano allege that charges against them were dismissed, but they provide no details regarding the basis for the dismissals that could plausibly indicate their innocence.[8] Compl. ¶116, 173, 193. Gimenez, by contrast, admits that his criminal charges have not yet been discharged, which precludes him from pursuing a malicious prosecution claim. Compl. ¶152. Count XIII must therefore be dismissed against Rojas and Reid.

### B. Plaintiffs' malicious prosecution claim fails because they have not alleged the initiation of the prosecution is attributable to Defendants Rojas and Reid.

Under Illinois law, Plaintiffs must allege "sufficient facts to attribute the legal causation of the original criminal action against the plaintiff to [non-officer defendants]." *Gesberger v. Vella*, 379 N.E.2d 947, 942 (Ill. App. 2d Dist. 1978). This requires alleging that a "defendant requested, directed or pressured an officer into swearing out a complaint for plaintiff's arrest, or that defendants knowingly gave false information to the police." *Denton v. Allstate Ins. Co.*, 504 N.E.2d 756 (Ill. App. 1st Dist. 1986).

In *Gesberger*, a police officer relied on information from a store security guard to arrest a plaintiff on charges that were later dropped. The court considered whether the actions of the arresting officer could be attributed to the security guard. 379 N.E.2d at 949. Because the plaintiff did not allege that the security guard knowingly made false statements to the police, nor did he direct, request, or pressure the police officer or any other official to proceed against the plaintiff, the court affirmed the dismissal of the false arrest counts.

---

[8] Although Plaintiffs did not include more details about the resolution of their criminal cases in the Complaint, publicly available court information indicates that the State decided to nolle prosequi the charges after the completion of community service hours in the case of Gomez and struck the criminal case with leave to reinstate in the case of Camacho, neither of which is indicative of innocence. *Simenson v. City of Joliet*, No. 18-CV-00608, 2019 WL 3716868, at *8 (N.D. Ill. Aug. 7, 2019)

10

Similarly, here, Plaintiffs have not pleaded any facts suggesting that Defendants Rojas or Reid either lied to police or directed, requested, or pressured police into arresting Plaintiffs. Nor have Plaintiffs alleged that Rojas or Reid lied to or pressured prosecutors, other than the conclusory statement that "[Defendants] made statements to prosecutors with the intent of exerting influence and to institute and/or continue judicial proceeding." Compl. ¶ 280. This conclusory allegation is insufficient to support a claim of malicious prosecution.

### C. Counts XII and XIII fail because Plaintiffs have not adequately alleged that Defendants Rojas or Reid acted with malice or without probable cause.

Malice is an element of a malicious prosecution claim under Illinois law, and Plaintiffs have not adequately pleaded it. *Fabiano v. City of Palos Hills*, 784 N.E.2d 258, 270. Plaintiffs' only allegation of malice is that all "Defendants' actions were intentional, malicious, willful, and wanton and exhibited a deliberate indifference to, or reckless disregard for, Plaintiffs rights and safety." Compl. ¶ 282. That is insufficient.

Nor have Plaintiffs adequately alleged an absence of probable cause, which is a required element for both false arrest and malicious prosecution. *Gaddis v. DeMattei*, 30 F.4th 625, 633 (7th Cir. 2022) (elements of false arrest); *Fabiano*, 784 N.E.2d at 265 (elements of malicious prosecution). To successfully plead false arrest and malicious prosecution, Plaintiffs must allege that there was no probable cause for their arrests. They have alleged no such thing.[9] Plaintiffs merely recite the elements of malicious prosecution in Count XIII, and they do not even do that much for false arrest in Count XII. *See* Compl. ¶ 280 ("The individual Defendants… initiated and continued false criminal charges against Plaintiffs without probable cause…"); ¶¶ 275–77

---

[9] Three of the Plaintiffs were caught and written up for shoplifting at store #1986 on the same dates they claim to have been falsely arrested. Each of those Plaintiffs was trespassed from the store and arrested for criminal trespass.

11

(alleging false arrest without even a bare recitation of the elements). The claims for malicious prosecution and false arrest against Reid and Rojas must be dismissed.

   D. **Plaintiffs' false arrest claim fails because they have not alleged that Defendants Rojas and Reid commanded or pressured police to arrest them.**

Under Illinois law, private citizens can only be found liable for false arrest if they command or mount a campaign against the police "in order to procure the plaintiff's arrest." *Gaddis*, 30 F.4th at 633. Defendants Rojas and Reid are private citizens, and Plaintiffs have not alleged that they commanded or mounted a campaign to the police to procure the Plaintiffs' arrests.

The only factual allegations Plaintiffs have made about Defendants Rojas and Reid are that they participated in the detention of and initiated criminal complaints against Plaintiffs Camacho (Compl. ¶ 107), Gimenez (¶ 148), and Montano (¶ 188). Plaintiffs have not alleged that Rojas or Reid lied to police, pressured them, or otherwise campaigned to obtain the arrests of these three Plaintiffs. "[G]iving information to police in itself is insufficient to constitute participation in an arrest." *Odorizzi v. A. O. Smith Corp.*, 452 F.2d 229, 232 (7th Cir. 1971). Taking Plaintiffs' allegations as true, Rojas and Reid have, at the most, provided information to the police, which cannot sustain a claim for false arrest.

V.  **COUNT VIII FAILS TO STATE A CLAIM FOR DENIAL OF EQUAL PROTECTION BASED ON RACE IN THE MAKING AND ENFORCEMENTS OF CONTRACTS.**[10]

Plaintiffs fail to state a claim under 42 U.S.C. § 1981 because they have not articulated what contractual relationship has been impaired or what adverse employment action they have suffered as a result of Rojas or Reid's alleged conduct. To state a Section 1981 claim, Plaintiffs must allege that they have suffered some adverse employment action. *Bratton v. Roadway Package System, Inc.*, 77 F.3d 168, 176 (7th Cir. 1996). "Any claim brought under § 1981 ... must initially

---

[10] Count VIII is brought only as to individual Defendants.

identify an impaired contractual relationship ... under which the plaintiff has rights." *DJM Logistics, Inc. v. FedEx Ground Package System, Inc.,* 39 F.4th 408, 413 (7th Cir. 2022).

Plaintiffs have not alleged impairment of any actual or potential contract in their Complaint. Rather, they have alleged in a conclusory manner that Defendants… "interfered with Plaintiffs' protected activity to make and/or enforce contracts as day laborers" and that "as a direct and proximate result… Plaintiffs suffered physical and emotional injuries and damages..." Compl. ¶¶ 254–55. Nowhere in the Complaint do Plaintiffs articulate that they suffered an adverse employment action, such as not being able to find work as day laborers or losing pre-existing contracts.

Count VIII additionally fails because Plaintiffs have not alleged that, but for their race, they would not have suffered an adverse employment or contractual action. A Section 1981 plaintiff bears the burden of showing that race was a but-for cause of his injury, including at the pleading stage. *Comcast Corp. v. Natl. Assn. of African Am.-Owned Media*, 589 U.S. 327, 333 (2020). Even if Plaintiffs had alleged an adverse employment action, which they have not, Plaintiffs have failed to link the adverse action with their membership in a protected class.

## VI. COUNT XVI FAILS BECAUSE PLAINTIFFS ALLEGE NO FACTS PLAUSIBLY SUPPORTING A CLAIM OF RESPONDEAT SUPERIOR LIABILITY.[11]

As a preliminary matter, Count XVI fails to put Home Depot on notice as to what it could be liable for because it is unclear whether the Complaint's respondeat superior claim is predicated on just the actions of Defendant Officers. *See Bank of Am.*, 725 F.3d at 818 ("Each defendant is entitled to know what he or she did that is asserted to be wrongful."). Despite a conclusory allegation that "each of the individual Defendants was an employee and agent of Home Depot," Count XVI alleges only that Home Depot is liable for all state law torts committed by the

---

[11] Count XVI is brought only as to Defendant Home Depot.

Defendant *Officers*. *Cf.* Compl. ¶¶ 310, 311.[12] The vagueness of this claim leaves Home Depot to guess what specifically Plaintiffs are alleging. This alone requires the dismissal of this claim. *See Bank of Am.*, 725 F.3d at 818.

A plaintiff alleging a respondeat superior theory must show that a principal-agent or employer-employee relationship existed. *Washington v. Ill. Dep't of Corr.*, No. 13 C 5977, 2014 WL 2535115, at *4 (N.D. Ill. June 5, 2014). At the pleading stage, a complaint must include factual allegations tracking these elements, not mere threadbare recitals. *Moss v. Singleton*, 110 F. Supp. 3d 876, 886 (N.D. Ill. Jun. 18, 2015). Plaintiffs have not made any factual allegations that suggest a principal-agent relationship existed between Home Depot and the Defendant Officers.[13] Plaintiffs allege that "Defendant CPD Officers were acting within the scope of their employment and/or agency as employees and/or agents of Defendants Home Depot" and therefore, "Home Depot is liable for all state law torts committed by the Defendant Officers alleged" within the Complaint. *See* Compl. ¶¶ 293, 311. This threadbare recital of the elements lacks any specific facts suggesting the existence of an employment or principal/agent relationship between Home Depot and the Defendant Officers. As such, Count XVI should be dismissed.

Plaintiffs are also required to allege that the Defendant Officers' alleged actions, which include beating, berating, and insulting Plaintiffs on the basis of the national origin, were within

---

[12] If Plaintiffs intended to bring respondeat superior claims based on the actions of Rojas and Reid in addition to or instead of those of the Defendant Officers, those claims likewise fail because, as explained in this brief, the Complaint has not alleged any viable claims against Rojas or Reid. "Respondeat superior is not an independent cause of action, and must be predicated on an underlying tortious act by the accused's employee or agent." *Simon v. Northeastern University*, 183 F. Supp. 3d 908, 919 (N.D. Ill. 2016)

[13] As noted *supra* at n. 2, a stray reference in the Complaint suggests that Plaintiffs knew that Defendant Officers were engaged through Allied Universal and not Home Depot. Compl. ¶ 292 ("Count XV is alleged against Home Depot, Allied Universal, [others].") Courts applying Illinois law have found overwhelmingly that security officers employed by third-party security companies, like Allied, are not agents of the contracting company. *See DeAngelo v. Village of Rosemont*, No. 1:17 C 2571, 2019 WL 527529 (N.D. Ill. Feb. 11, 2019); *Dixon v. MB Real Estate Servs., LLC,* 2016 WL 3177987, ¶¶ 15–20 (Ill. App. 1st. Dist. 2016); *Amigo's Inn Inc. v. License Appeal Comm'n of City of Chi.*, 822 N.E.2d 107, 114–15 (Ill. App. 1st Dist. 2004).

14

the scope of their relationship with Home Depot. *Moss*, 110 F. Supp. at 885–86; Compl. ¶¶ 62–73, 96–104, 128–140. Under Illinois law, principals can be held liable for agents' intentional torts under a theory of respondeat superior only if the conduct is of the kind the agent is authorized to perform and is actuated, at least in part, with the intention of serving the principal. *Id*.; *Thomas v. L'Eggs Products, Inc.*, 13 F. Supp. 2d 806, 810 (C. Dist. Ill Jul. 30, 1998) ("sexually harassing and battering a co-employee is by definition not within the job description [of the employee]"). Plaintiffs have not alleged, even in a conclusory manner, that these intentional torts were committed in the scope of the Defendant Officers' employment or with the intention of serving Home Depot.

## VII. COUNT XV FAILS BECAUSE PLAINTIFFS FAIL TO STATE A CLAIM FOR GROSS NEGLIGENCE BASED ON THE DEFENDANT OFFICERS' ACTIONS.[14]

Despite conclusory claims in ¶¶ 293 and 295 that "the Defendant CPD Officers were acting … as employees and/or agents of Defendant[] Home Depot" as noted above, there are no facts alleged in the Complaint that plausibly establish the Defendant Officers were employees or agents of Home Depot. This claim should be dismissed insofar as it purports to assign liability to Home Depot based on the actions of the Defendant Officers.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Plaintiffs' claims against the Home Depot Defendants with prejudice.

**Date:  November 18, 2024**        */s/ Zachary T. Fardon*
Zachary T. Fardon (ARDC No. 6292156)
Jade R. Lambert (ARDC No. 6290000)
Leksa V. Pravdic (ARDC No. 6339531)
KING & SPALDING LLP
110 N Wacker Drive, Suite 3800

---

[14] The Complaint contains two claims numbered as Count XV: a claim for gross negligence brought against all of the Home Depot Defendants beginning at ¶ 291 and a claim for respondeat superior against the City of Chicago beginning at ¶ 304. References in this Motion to Count XV refer to the gross negligence claim.

Chicago, IL 60606
Telephone: (312) 995-6333
zfardon@kslaw.com
jlambert@kslaw.com
lpravdic@kslaw.com

*Counsel for Home Depot USA, Inc., Alejandro Rojas, and Donnie Reid*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2024, I caused the foregoing to be filed using the Court's electronic filing system which provides service to all counsel of record.

*/s/ Zachary T. Fardon*
Zachary T. Fardon (ARDC No. 6292156)
Jade R. Lambert (ARDC No. 6290000)
Leksa V. Pravdic (ARDC No. 6339531)
KING & SPALDING LLP
110 N Wacker Drive, Suite 3800
Chicago, IL 60606
Telephone: (312) 995-6333
zfardon@kslaw.com
jlambert@kslaw.com
lpravdic@kslaw.com

*Counsel for Home Depot USA, Inc., Alejandro Rojas, and Donnie Reid*