# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | | |
|---|---|---|---|
| ALFONZO GABRIEL ARIAS, BETUEL CASTRO CAMACHO, WILLIAN ALBERTO GIMENEZ GONZALEZ, LUIS ADRIAN GOMEZ, JUAN CARLOS MONTANO, and LATINO UNION, INC., | ) ) ) ) ) ) | | |
| Plaintiffs, | ) ) | No. | 1:24-cv-06859 |
| v. | ) ) ) | | |
| CITY OF CHICAGO, HOME DEPOT U.S.A., INC., ANGEL MARTINEZ, ERIC GAYTAN, ALEJANDRO ROJAS, DONNIE REID, CHICAGO POLICE OFFICER JOHN DOES, and HOME DEPOT JOHN DOES, | ) ) ) ) ) ) | | |
| Defendants. | ) | | |

**REPLY IN SUPPORT OF DEFENDANTS HOME DEPOT, ALEJANDRO ROJAS, AND DONNIE REID'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

# TABLE OF CONTENTS

I. PLAINTIFFS' GROUP PLEADING FAILS TO PROVIDE SUFFICIENT NOTICE TO THE HOME DEPOT DEFENDANTS AS TO WHAT PRECISELY THEY ARE ALLEGED TO HAVE DONE. .................................................................................................................. 1

II. PLAINTIFFS HAVE NOT PLEADED FACTS SUFFICIENT TO SUPPORT ANY OF THEIR CLAIMS SOUNDING IN CONSPIRACY (COUNTS VI, VII, AND XIV). .................... 4

    1. Plaintiffs have not pleaded that an agreement existed. ........................................ 4

    2. Plaintiffs have not adequately pleaded malice, wrongful purpose, or discriminatory animus as to Defendants Rojas and Reid. ................................................................ 4

    3. Plaintiffs have not pleaded that Rojas or Reid knew about or could have stopped the alleged conspiracy to deprive Plaintiffs of their constitutional rights. ....................... 6

III. PLAINTIFFS HAVE NOT SUFFICIENTLY ALLEGED MALICIOUS PROSECUTION (COUNT XIII) OR FALSE ARREST (COUNT XII). ................................................................ 7

    1. The Court should not consider the additional facts alleged in Plaintiffs' Response. ............ 7

    2. Even if the Court were to consider the additional factual allegations, Plaintiffs have conceded that Camacho's proceedings have not been terminated in a manner indicative of his innocence. ......................................................................................................... 8

    3. Plaintiffs have not adequately alleged Defendants Rojas or Reid directed, requested, or pressured police to arrest Plaintiffs. .......................................................................... 8

    4. Plaintiffs have not adequately alleged malice on the part of Rojas and Reid. ...................... 9

    5. Plaintiffs have not adequately alleged that Rojas and Reid acted without probable cause. 9

    6. Plaintiffs' attempt to proceed to discovery without having adequately pleaded the elements of false arrest is fundamentally unfair to Rojas and Reid. .......................................... 10

IV. PLAINTIFFS' INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM (COUNT XI) FAILS. ............................................................................................................... 10

    1. Plaintiffs' arguments regarding outrageousness are improperly premised on new factual allegations and allegations that Rojas and Reid conspired with the Defendant Officers to establish a power imbalance. ................................................................................. 10

    2. Plaintiffs have not pleaded the required elements of intentional infliction of emotional distress. ............................................................................................................... 11

V. PLAINTIFFS HAVE NOT SUFFICIENTLY STATED A CLAIM FOR DENIAL OF EQUAL PROTECTION BASED ON RACE IN THE MAKING AND ENFORCEMENT OF CONTRACTS (COUNT VIII) .................................................................................................. 11

VI.      COUNT XVI FAILS BECAUSE PLAINTIFFS DO NOT ALLEGE FACTS TO PLAUSIBLY SUPPORT A CLAIM OF RESPONDEAT SUPERIOR LIABILITY. ................... 12

VII.     COUNT XV FAILS BECAUSE PLAINTIFFS FAIL TO STATE A CLAIM FOR GROSS NEGLIGENCE BASED ON THE DEFENDANT OFFICERS' ALLEGED ACTIONS............. 14

## INTRODUCTION

As it relates to Home Depot, Rojas, and Reid ("the Home Depot Defendants"), Plaintiffs' Complaint fails to satisfy minimum pleading standards, relies on vague group pleading, and contains no specific allegations that Rojas or Reid knew of or participated in any discrimination or abuse (which they ardently deny). In their Response, apparently mindful of the absence of specific facts in the Complaint to plausibly support their claims against the Home Depot Defendants, Plaintiffs rely on inapposite cases to double down on their vague "group pleading" approach; ask the Court to accept hypotheticals and speculation in the absence of factual allegations; impermissibly seek to introduce new and different facts that are not alleged in the Complaint; and ignore core deficiencies identified in the Home Depot Defendants' Motion to Dismiss.

## ARGUMENT

### I. PLAINTIFFS' GROUP PLEADING FAILS TO PROVIDE SUFFICIENT NOTICE TO THE HOME DEPOT DEFENDANTS AS TO WHAT PRECISELY THEY ARE ALLEGED TO HAVE DONE.

As Plaintiffs correctly point out in their Response, group pleading is permissible only when it provides notice to each defendant of the contours of each allegation of which they are being accused. Response at 3; *Brooks v. Ross*, 578 F.3d 574, 581-82 (7th Cir. 2009). The issue here is precisely that Plaintiffs' Complaint does *not* provide notice to the Home Depot Defendants regarding the contours of the accusations against them.

Plaintiffs disregard, and do not address, the similarities of the "one or more" language deemed inadequate in *Brooks* to the "some or all" language in their own Complaint. The Court in *Brooks* noted that this vague phrasing "does not adequately connect specific defendants to illegal acts." *Id.* at 580. Like in *Brooks*, Plaintiffs' Complaint uses the vague phrasing "some or all" in

Counts VI and VII: *see*, e.g., Compl. ¶ 241 ("Some or all of the individual Defendants together reached an understanding…"), ¶ 247 ("Some or all of the individual Defendants agreed between and among themselves…"). This is precisely the type of language that fails to state a claim.

Plaintiffs attempt to cure their vague group pleading by claiming that "Plaintiffs' factual allegations are specific as to each Home Depot Defendant's relationship to particular Plaintiffs." Resp. at 4. The only specific allegations in the Complaint regarding Defendants Rojas and Reid are that they initiated criminal complaints against certain Plaintiffs and that they "participated in" the detention of certain Plaintiffs (without clarifying what "participated in" means or if they were even present during those detentions). Compl. ¶¶ 107, 148, 188. The complaint in *Brooks* contained similar factual allegations, and the court there found those allegations to be insufficient. 578 F.3d at 580–82. As in *Brooks*, Plaintiffs allege that Defendants Rojas and Reid engaged "in certain acts." *See id.* at 580. In *Brooks*, the acts were producing investigative reports and participating in interviews. *Id.* In this Complaint, the acts were initiating criminal complaints against certain Plaintiffs and "participating in" the detention of certain Plaintiffs. Compl. ¶¶ 107, 148, 188. As in *Brooks*, the question before the Court is "whether these factual allegations provide sufficient notice" to Defendants Rojas and Reid of Plaintiffs' claims. *See* 578 F.3d at 580. They do not.

The court in *Brooks* reasoned that the plaintiffs' factual allegations did not provide sufficient notice to the defendants because the behavior alleged, while consistent with conspiracy, was equally consistent with lawful conduct. *Id.* at 581. Further, the *Brooks* court concluded that in the lone count where the plaintiff had pleaded the personal involvement of all defendants, it was merely a formulaic recitation of the elements of the cause of action without specific details, which was inadequate. *Id.* Plaintiff's Complaint here suffers from these same two deficiencies, and as the court in *Brooks* noted, each deficiency is fatal. *See id.*

2

The only factual allegations directed at Defendants Rojas and Reid are that they initiated criminal complaints and that they "participated in" the detention of certain Plaintiffs. Compl. ¶¶ 107, 148, 188. Setting aside the vagueness of what "participated in" means in this context, the acts of initiating a criminal complaint by a retail store associate, or participating in some way in an individual's temporary detention before the arrival of Chicago police officers, are at least equally consistent with lawful conduct as they are with unlawful conduct.

Further, the counts in which the Plaintiffs attempt to tie wrongful actions to *all* Defendants (rather than to "some or all") consist of mere recitations of the elements of each claim, without details sufficient to provide notice to Defendants. *See* Counts VIII, XI, XII, XIII, XIV. Like the complaint in *Brooks*, this Complaint does not contain any concrete allegations that tie the alleged wrongful conduct to Rojas and Reid specifically. *See Brooks*, 578 F.3d at 580.

Plaintiffs rely on several cases in support of their group pleading approach, but those cases are not persuasive. First, all the cases cited by Plaintiffs deal with groups of known and unknown police officers acting in concert to violate civil rights, and they include specific wrongful acts performed by the group of officers. The courts in those cases reasoned that it is not realistic for plaintiffs to know the identity of each police officer in a group, or to "attribute every wrongful act to a specific [d]efendant." *Gray v. City of Chicago*, 2019 WL 3554239, at *6 (N.D. Ill.). That is not the case with Defendants Rojas and Reid.

The cases are inapposite for additional reasons. Unlike *Robles v. City of Chicago*, the Complaint here does *not* "plainly allege[] that all of the defendants participated in the challenged conduct," except in a perfunctory way for some claims, as discussed above. 354 F. Supp. 3d 873, 876 (N.D. Ill. 2019). And unlike in *Fulton v. Bartik*, the ambiguity of the claims against Rojas and Reid is *not* "resolved by . . . more specific references to the group or individual defendant alleged

3

to have participated in the violation under each count." 547 F. Supp. 3d 799, 810 (N.D. Ill. 2021). Plaintiffs' attempt to cloak under the auspices of "group pleading" the absence of specific factual allegations against the Home Depot Defendants thus fails.

## II. PLAINTIFFS HAVE NOT PLEADED FACTS SUFFICIENT TO SUPPORT ANY OF THEIR CLAIMS SOUNDING IN CONSPIRACY (COUNTS VI, VII, AND XIV).[1]

### 1. Plaintiffs have not pleaded that an agreement existed.

Plaintiffs seem to concede, and Defendants agree, that they did not specifically allege an agreement to support their conspiracy claims, Resp. at 5, but Plaintiffs argue that they have sufficiently pleaded circumstantial allegations of an agreement. *Id.* Plaintiffs claim that they have alleged the parties to, general purpose of, and dates of the conspiracy. *Id.* But Counts VI and VII of the Complaint only vaguely allege that "some or all" of the Defendants made some undefined agreement. Compl. ¶¶ 241, 247. And in Count XIV, the Illinois state law conspiracy claim, Plaintiffs merely recite the elements of a conspiracy in a conclusory fashion, without providing any details about the alleged agreement or its participants. Compl. ¶¶ 285-290.

### 2. Plaintiffs have not adequately pleaded malice, wrongful purpose, or discriminatory animus as to Defendants Rojas and Reid.

In the absence of any allegations suggesting malice, improper purpose, or discriminatory animus on Rojas or Reid's part, Plaintiffs attempt to attribute the actions of other named or unnamed Defendants to Rojas and Reid in order to impute malicious intent to them. This approach to pleading is fundamentally unfair. Once Plaintiffs have adequately pleaded the elements of the conspiracy *as to each Defendant*, only then may the wrongful acts of co-conspirators be attributed to other Defendants. *See, e.g., Wilson v. Warren County*, 830 F.3d 464, 468 (7th Cir. 2016); *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). To argue that malice has been sufficiently

---

[1] Counts VI, VII and XIV are brought only as to individual Defendants.

pled, Plaintiffs rely on the fact that Plaintiffs were Venezuelan or perceived to be Venezuelan, and that some Plaintiffs were subjected to racial epithets. Resp. at 7. But critically, Plaintiffs do not allege that Rojas or Reid used racial epithets or encouraged others to do so. Plaintiffs must plead facts suggesting that Rojas and Reid, *as individuals*, each had discriminatory animus *before* they can ascribe the discriminatory actions of other purported co-conspirators to Rojas and Reid.

Plaintiffs cite to *Tillman v. Burge*, 813 F. Supp. 2d 946 (N.D. Ill. 2011) and *Villars v. Kubiatowski*, 45 F. Supp. 3d 791, 804–805 (N.D. Ill. 2014) to argue that the Plaintiffs' perceived national origin, combined with racial epithets used by some other Defendants against some Plaintiffs, is sufficient to establish malice or discriminatory animus on the part of Rojas and Reid. Resp. at 7. But both of these cases are distinguishable from the present case. In *Villars*, the plaintiff brought Section 1985 claims against a group of police officers whom he alleged used racial epithets against him during an improper arrest; the plaintiff did not bring this claim against all the defendants but only those defendants to whom he could tie the discriminatory epithets. *Villars*, 45 F. Supp. 3d at 804-805. Here, by contrast, Plaintiffs attempt to attribute racial epithets allegedly used by other Defendants to suggest racial animus by Rojas and Reid. Likewise, in *Tillman*, the plaintiff "barely" succeeded on his Section 1985 claim where he alleged that the defendants, including police officers, police supervisors, and prosecutors, routinely tortured prisoners of a particular race and used racial epithets during the torture. *Tillman*, 813 F. Supp. 2d at 977-78. Again, the allegations in *Tillman* are starkly different from the facts here because Plaintiffs have not alleged that Rojas or Reid used racial epithets at all, were present during their use, or even knew about their use. *See id.*

Additionally, Plaintiffs appear to suggest for the first time that the alleged "presence of additional men with clothes different from attire indicating police affiliation during each individual

Plaintiff's detention" is somehow relevant to Rojas and Reid's involvement. Resp. at 6. If Plaintiffs have reason to believe those unidentified "additional men" were Rojas or Reid, they should have pleaded that they were present. In the meantime, it is unreasonable and unfair to use the alleged actions of unidentified Defendants as reasons to keep Rojas and Reid in the suit, and the Court should reject this argument.

### 3. Plaintiffs have not pleaded that Rojas or Reid knew about or could have stopped the alleged conspiracy to deprive Plaintiffs of their constitutional rights.

For their Section 1986 claim to succeed, in addition to plausibly alleging the elements of a Section 1985 claim, Plaintiffs must plausibly allege that Rojas and Reid knew a conspiratorial wrong was about to be committed, had power to prevent or aid in preventing the commission of this wrong, and neglected to do so. *Burton v. Oak Point Univ.,* No. 1:24-CV-00295, 2024 WL 3338925, at *4 (N.D. Ill. July 9, 2024). In their Response, Plaintiffs speculate about various ways "Home Depot employees" could have known about or prevented the furtherance of the conspiracy, without directing that speculation to any specific "employee." Resp. at 9. Plaintiffs argue that it is "difficult to fathom" how Defendant Officers would have accessed a private room without assistance from "Home Depot employees who were present", and then speculate that Rojas and Reid could have denied access to the private room, notified others about the existence of the alleged conspiracy, or refused to participate in the initiation of criminal complaints. Resp. at 9. But there are no such factual allegations in the Complaint. Plaintiffs have not pled that Rojas and Reid knew about or could have prevented the wrongful acts. While Defendants agree that Plaintiffs did not need to plead "all possible ways" Rojas and Reid could have prevented a conspiracy, Plaintiffs were required to plead *some* facts plausibly showing knowledge and ability to prevent. They failed to do so.

### III. PLAINTIFFS HAVE NOT SUFFICIENTLY ALLEGED MALICIOUS PROSECUTION (COUNT XIII) OR FALSE ARREST (COUNT XII).[2]

#### 1. The Court should not consider the additional facts alleged in Plaintiffs' Response.

Plaintiffs attempt to rehabilitate their deficient pleading by impermissibly introducing new factual allegations in their Response related to the elements of malicious prosecution and false arrest. Resp. at 10-12. Specifically, Plaintiffs now claim that criminal proceedings against Gimenez were terminated with a disposition of *nolle prosequi*. Resp. at 11. But the Complaint alleged the proceedings against Gimenez had yet to be resolved. Compl. ¶ 152. The Court should disregard the new factual allegations raised in the Response. *See Smith v. Dart*, 803 F.3d. 304, 311 (7th Cir. 2015).

Similarly, Plaintiffs now claim that criminal proceedings against Plaintiff Gomez were terminated in a disposition of *nolle prosequi*, and that criminal proceedings against Camacho and Montano were stricken with leave to reinstate ("SOL'd"). Resp. at 11. These are new factual allegations outside the four corners of the Complaint, and the Court should not consider them. *See Smith*, 803 F.3d. at 311. All but one of the cases cited by Plaintiffs in support of their introduction of additional facts deal with pro se litigants. *See id.* (contextualizing its decision "given the district court's obligation to construe pro se pleadings liberally…"); *Holmes v. Engleson*, No. 16 C 5234, 2016 WL 6623992, at *3 (N.D. Ill. Nov. 9, 2016) (noting that "the Court grants wide latitude to pro se litigants in pursuing their lawsuits"); *see also Anderson v. Hardman*, 241 F.3d 544, 545 ("[P]ro se pleadings are held to less exacting standards than those prepared by counsel and are to be liberally construed."). Here, Plaintiffs are represented by counsel and have filed a 46-page

---

[2] Counts XII and XIII are brought only as to individual Defendants.

Complaint with seventeen counts. They should be held to the pleading standard, and they have not met it here.

### 2. Even if the Court were to consider the additional factual allegations, Plaintiffs have conceded that Camacho's proceedings have not been terminated in a manner indicative of his innocence.

In Plaintiffs' Response, Camacho concedes that his criminal proceedings have not been terminated in a manner indicative of his innocence. Plaintiffs cite to *Ferguson v. City of Chicago*, which establishes that where a defendant has requested a trial, a criminal proceeding stricken with leave to reinstate is considered terminated only once the 160-day period tolls. 213 Ill. 2d 94, 102 (2004) ("an SOL order does not finally dispose of criminal proceedings"). Camacho concedes that this 160-day period has yet to run, and, therefore, the criminal proceedings against him have not terminated at all, whether in a manner indicative of his innocence or otherwise. Resp. at 11-12. Therefore, the Court must dismiss the false arrest and malicious prosecution claims as to Camacho.

Plaintiffs also attempt to use *Ferguson* to establish that a criminal proceeding that is SOL'd is necessarily considered a favorable outcome for the defendant. Resp. at 11-12. But this reliance on *Ferguson* is misleading; *Ferguson* does not establish that a criminal case that is stricken with leave to reinstate is necessarily a favorable outcome for a defendant. That issue was not raised by the parties or specifically considered by the Court in *Ferguson*. 820 N.E.2d at 460-61 (specifically noting that parties did not dispute SOL charges being a favorable outcome).

### 3. Plaintiffs have not adequately alleged Defendants Rojas or Reid directed, requested, or pressured police to arrest Plaintiffs.

Plaintiffs assert that initiating a criminal complaint against some Plaintiffs is sufficient to sustain a malicious prosecution against Rojas and Reid as to all Plaintiffs. Not so. For Defendants who are neither law enforcement officers nor prosecutors, Plaintiffs must allege that Defendants

have directed, requested, or pressured police to arrest Plaintiffs, and initiating a criminal complaint is insufficient to satisfy this element.[3]

Pleading this element of malicious prosecution requires more than a mere "causal link" between Defendants' conduct and the prosecution as Plaintiffs allege, but requires a nexus sufficient to *attribute* the police and prosecutorial action to the Defendants. Filing a criminal complaint is not sufficient to attribute police and prosecutorial action to Defendants, so the malicious prosecution claim should be dismissed for that additional reason. *See Gesberger v. Vella*, 379 N.E.2d 947, 942 (Ill. App. 2d Dist. 1978).

### 4. Plaintiffs have not adequately alleged malice on the part of Rojas and Reid.

Plaintiffs point to conclusory allegations made in their Complaint regarding the intentions of all Defendants in a general manner to argue that they sufficiently alleged malice against Rojas and Reid. Resp. at 13. This is not enough; Plaintiffs must plead allegations that support an inference that Rojas and Reid specifically acted with malice in their initiation of criminal complaints against some Plaintiffs. *Fabiano v. City of Palos Hills*, 784 N.E.2d 258, 270 (Ill. App. 3d Dist. 2002).

### 5. Plaintiffs have not adequately alleged that Rojas and Reid acted without probable cause.

Plaintiffs attempt to cure their failure to plead the probable cause element by pointing out that the Complaint alleges that one of five Plaintiffs, Montano, was standing outside of Home Depot premises when he was detained. Resp. at 13; Compl. ¶ 177. First, Plaintiffs fail to address the other four Plaintiffs. But even for Plaintiff Montano, this allegation is insufficient to properly plead a lack of probable cause. *See Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998) (plaintiff who was arrested in grassy area adjacent to restaurant property did not show lack of probable

---

[3] Here again, Plaintiffs bring in additional factual allegations. Resp. at 12. For the reasons elaborated *supra* pp. 7–8, the Court should not consider these factual allegations.

cause). Next, Plaintiffs again point to their conclusory statements regarding the alleged improper motives of all Defendants. Resp. at 13; Compl. ¶ 44. This is not sufficient to allow the malicious prosecution and false arrest claims to proceed because each element, including a lack of probable cause, must be pleaded in a non-conclusory manner.

> 6. **Plaintiffs' attempt to proceed to discovery without having adequately pleaded the elements of false arrest is fundamentally unfair to Rojas and Reid.**

In their Response, Plaintiffs note that "[a]dditional corroborating evidence [to support the false arrest claim] will be developed during discovery." Resp. at 14. But requiring Rojas and Reid to undergo expensive and time-consuming discovery when Plaintiffs have failed to allege, except in the most conclusory manner, the elements of false arrest, is unfair and unduly burdensome.

## IV. PLAINTIFFS' INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM (COUNT XI) FAILS.[4]

> 1. **Plaintiffs' arguments regarding outrageousness are improperly premised on new factual allegations and allegations that Rojas and Reid conspired with the Defendant Officers to establish a power imbalance.**

Plaintiffs here attempt to argue new facts that go far beyond the allegations of the Complaint: that Rojas and Reid were in positions of power over Plaintiffs, that their objective was knowingly illegitimate, and they were aware that Plaintiffs were particularly susceptible to emotional distress due to their vulnerable status as non-English speaking migrant day laborers. Resp. at 15. Plaintiffs must plead allegations that actually tie Rojas and Reid's conduct to the harm Plaintiffs allegedly endured rather than relying on an alleged conspiracy with Defendant Officers. Moreover, Plaintiffs have not pleaded the elements of conspiracy (*see supra* pp. 4–6), so it is unfair to attribute the alleged wrongful actions of the Defendant Officers to Rojas and Reid to support Plaintiffs' IIED claims.

---

[4] Count XI is brought only as to individual Defendants.

### 2. Plaintiffs have not pleaded the required elements of intentional infliction of emotional distress.

Elements of an IIED claim include: (1) defendant's conduct was extreme and outrageous; (2) defendant knew there was a high probability that his conduct would cause severe emotional distress; and (3) the conduct did in fact cause severe emotional distress. *Zuidema v. Raymond Christopher, Inc.*, 866 F. Supp. 2d 933, 941 (N.D. Ill. 2011). In their Response, Plaintiffs have not addressed their failure to plead the last two elements. On this basis alone, the Court should dismiss the IIED claim against Rojas and Reid. *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) ("If [judges] are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.").

### V. PLAINTIFFS HAVE NOT SUFFICIENTLY STATED A CLAIM FOR DENIAL OF EQUAL PROTECTION BASED ON RACE IN THE MAKING AND ENFORCEMENT OF CONTRACTS (COUNT VIII).[5]

Plaintiffs fail to state a claim under 42 U.S.C. § 1981 because they merely allege that they were seeking employment at the time of their detention. They do not articulate any actual potential relationship that was impaired, but a purely hypothetical one. This is insufficient. "A claim for interference with the right to make and enforce a contract must allege the actual loss of a contract interest, not merely the possible loss of future contract opportunities." *Morris v. Office Max, Inc.*, 89 F.3d 411, 414-15 (7th Cir. 1996).

Plaintiffs cite to *Zollicoffer v. Gold Standard Baking, Inc.*, 2018 WL 1920091, at *4 (N.D. Ill. Apr. 23, 2018), but the facts in that case are wholly distinguishable. In *Zollicoffer*, an industrial baking facility instructed a staffing agency not to supply them with any African American workers.

---

[5] Count VIII is brought only as to individual Defendants.

African American workers who were qualified for work at the baking facility were not selected because of their race, and the plaintiffs brought suit. The *Zollicoffer* plaintiffs were able to articulate an actual, concrete contractual opportunity which they missed out on solely because of their race. Here, by contrast, Plaintiffs have failed to allege the actual loss of a potential contract interest, relying instead on purely hypothetical future contract interests. Plaintiffs allege they were at the store hoping to find work, but do not plead any additional facts to support an inference that an actual contract interest was impeded. Compl. at ¶¶ 55–56, 84–85, 119, 154, 176–177.

Furthermore, Plaintiffs disregard that they must show that "but for" their race, their contract interest would not have been impeded. Even at the pleading stage, a Section 1981 plaintiff bears the burden of pleading facts to show that race, rather than another reason, was a but-for cause of his injury. *Comcast Corp. v. Natl. Assn. of African Am.-Owned Media*, 589 U.S. 327, 333 (2020). Here, Plaintiffs must allege that but for their race, they would have successfully entered into contracts with potential customers. *Id.* But in their Response, Plaintiffs merely reiterate their overarching claims about the alleged discriminatory scheme based on national origin.

### VI. COUNT XVI FAILS BECAUSE PLAINTIFFS DO NOT ALLEGE FACTS TO PLAUSIBLY SUPPORT A CLAIM OF RESPONDEAT SUPERIOR LIABILITY.[6]

As a preliminary matter, Count XVI should be dismissed due to the fundamental vagueness of the claim. *See Bank of Am.* 725 F.3d at 818 ("Each defendant is entitled to know what he or she did that is asserted to be wrongful."). As discussed in Defendants' Motion to Dismiss, Plaintiffs' Complaint includes a conclusory assertion that "[i]n committing the acts alleged in the preceding paragraphs, each of the individual Defendants was an employee and agent of Home Depot;" however, the next paragraph states that "Defendant Home Depot is liable for all state law torts

---

[6] Count XVI is brought only as to Defendant Home Depot.

committed by the Defendant *Officers* as alleged herein under the doctrine of respondeat superior." Compl. ¶¶ 310-11 (emphasis added). By explicitly referring to the alleged state law torts committed by the Defendant Officers, but not the alleged state law torts committed by the other Individual Defendants, Defendant Home Depot is left to assume that Plaintiffs' *respondeat superior* Claim only relates to the alleged actions of the Defendant Officers. *See* Defs.' Mot. at 13-14.[7] Instead of addressing this vagueness, Plaintiffs appear to now argue in their Response that Count XVI applies to the alleged state law torts committed by *all* Individual Defendants. Resp. at 17 (emphasis added). This is impermissible because "[i]t is a basic principle that the complaint may not be amended by [a brief] in opposition to a motion to dismiss." *Velez v. RM Acquisition, LLC*, 670 F. Supp. 3d 620, 640 (N.D. Ill. 2023) (internal citation omitted); *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 347–48 (7th Cir. 2012).

Plaintiffs are correct that, generally, the question of whether an individual is an employee or an independent contractor for purposes of *respondeat superior* is a question of fact; however, in some cases, this "question may be decided as a matter of law," such as "when the relationship is so clear as to be indisputable." *Lang v. Silva*, 715 N.E.2d 708, 717 (1999). Here, Plaintiffs have not made any factual allegations that suggest a principal-agent relationship existed between Home Depot and the Defendant Officers. Rather, they have only made conclusory allegations to support their argument. *See* Resp. at 17. This is insufficient to properly plead a *respondeat superior* claim.

---

[7] If Plaintiffs intended to bring *respondeat superior* claims based on the actions of Defendants Rojas and Reid in addition to or instead of those of the Defendant Officers, those claims likewise fail because, as explained in this Reply brief, the Complaint has not alleged any viable claims against Rojas or Reid. "Respondeat superior is not an independent cause of action, and must be predicated on an underlying tortious act by the accused's employee or agent." *Simon v. Northeastern University*, 183 F. Supp. 3d 908, 919 (N.D. Ill. 2016).

## VII. COUNT XV FAILS BECAUSE PLAINTIFFS FAIL TO STATE A CLAIM FOR GROSS NEGLIGENCE BASED ON THE DEFENDANT OFFICERS' ALLEGED ACTIONS.[8]

As noted above, Plaintiffs have failed to allege facts to plausibly establish that the Defendant Officers were employees or agents of Home Depot. As such, this claim should be dismissed insofar as it purports to assign liability to Home Depot based on the actions of the Defendant Officers.

## CONCLUSION

For the foregoing reasons, the Home Depot Defendants respectfully submit that this Honorable Court should dismiss the Plaintiffs' claims against them with prejudice.

**Date: December 17, 2024**　　　　　　　　*/s/ Zachary T. Fardon*
　　　　　　　　　　　　　　　　　　　　Zachary T. Fardon (ARDC No. 6292156)
　　　　　　　　　　　　　　　　　　　　Jade R. Lambert (ARDC No. 6290000)
　　　　　　　　　　　　　　　　　　　　Leksa Pravdic (ARDC No. 6339531)
　　　　　　　　　　　　　　　　　　　　KING & SPALDING LLP
　　　　　　　　　　　　　　　　　　　　110 N Wacker Drive, Suite 3800
　　　　　　　　　　　　　　　　　　　　Chicago, IL 60606
　　　　　　　　　　　　　　　　　　　　Telephone: (312) 995-6333
　　　　　　　　　　　　　　　　　　　　zfardon@kslaw.com
　　　　　　　　　　　　　　　　　　　　jlambert@kslaw.com
　　　　　　　　　　　　　　　　　　　　lpravdic@kslaw.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Home Depot USA, Inc., Alejandro Rojas and Donnie Reid*

---

[8] The Complaint contains two claims numbered as Count XV: a claim for gross negligence brought against all of the Home Depot Defendants beginning at ¶ 291 and a claim for *respondeat superior* against the City of Chicago beginning at ¶ 304. References in this Reply to Count XV refer to the gross negligence claim.

# CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2024, I caused the foregoing to be filed using the Court's electronic filing system which provides service to all counsel of record.

*/s/ Zachary T. Fardon*
Zachary T. Fardon (ARDC No. 6292156)
Jade R. Lambert (ARDC No. 6290000)
Leksa Pravdic (ARDC No. 6339531)
KING & SPALDING LLP
110 N Wacker Drive, Suite 3800
Chicago, IL 60606
Telephone: (312) 995-6333
zfardon@kslaw.com
jlambert@kslaw.com
lpravdic@kslaw.com

*Counsel for Home Depot USA, Inc., Alejandro Rojas and Donnie Reid*
