# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ALFONZO GABRIEL ARIAS, BETUEL CASTRO CAMACHO, WILLIAN ALBERTO GIMENEZ GONZALEZ, LUIS ADRIAN GOMEZ, JUAN CARLOS MONTANO, and LATINO UNION, INC., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No.   1:24-cv-06859 Hon. Joan H. Lefkow |
| v. | ) ) | |
| CITY OF CHICAGO, HOME DEPOT U.S.A., INC., ANGEL MARTINEZ, ALVAREZ (FIRST NAME UNKNOWN) SHAWN GAYTAN, TIM PATER, ALEJANDRO ROJAS, DONNIE REID, MATTHEW DOMINIAK, VALERIA SORIA, CHICAGO POLICE OFFICER JOHN DOES, and HOME DEPOT JOHN DOES, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS HOME DEPOT, ALEJANDRO ROJAS, DONNIE REID, MATTHEW DOMINIAK, AND VALERIA SORIA'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

**INTRODUCTION**

Plaintiffs are individual migrants and a not-for-profit organization who allege that civil rights violations and state law torts were committed against migrants at Home Depot Store 1986, located at 4555 S. Western Boulevard in Chicago. Specifically, Plaintiffs allege that, starting around October 2023, following a surge of migrants arriving in Chicago, Home Depot increased security at Store 1986, including by hiring off-duty Chicago police officers, some of whom Plaintiffs allege engaged in acts of discrimination and abuse against them. In reality, Home Depot increased store security in response to numerous complaints from customers and employees about harassing and disruptive conduct from individuals who were loitering in or near Home Depot's parking lot. Some days, there were as many as one hundred individuals congregating in or near the parking lot, creating a difficult and chaotic environment.

Regarding Home Depot and the named Home Depot employees, Alejandro Rojas, Donnie Reid, Matthew Dominiak, and Valeria Soria (collectively "the Home Depot Defendants"), the Amended Complaint baldly alleges that they conspired "to harm and criminalize Plaintiffs based on their national origin, ethnicity, race, and attempts to support themselves and their families." Am. Compl. ¶ 55.[1] Plaintiffs' claims against these Defendants are deficient in multiple respects. Plaintiffs' vague and conclusory allegations of the existence of a conspiracy are insufficient to support the various claims sounding in conspiracy. Plaintiffs' allegations are likewise insufficient as to the various state law torts alleged. Furthermore, Plaintiffs' claims against Home Depot fail to allege facts to establish that the off-duty officers were acting as agents of Home Depot when they engaged in the alleged misconduct. Latino Union lacks standing to bring claims of intentional torts against the Home Depot Defendants. Plaintiffs' claims thus fail to satisfy minimum pleading

---

[1] Home Depot, Reid, Rojas, Dominiak, and Soria ardently deny that they engaged in any discriminatory or wrongful behavior.

1

standards regarding the Home Depot Defendants and should be dismissed with prejudice.

## BACKGROUND

Since August 31, 2022, with Texas Governor Greg Abbott's decision to transport tens of thousands of migrants to Chicago, over 51,000 migrants have arrived in the City of Chicago.[2] This influx corresponded with a sharp rise in migrants at Home Depot's Chicago area stores, including Store 1986, and the volume of migrants on Home Depot store property quickly became untenable. With some days seeing more than a hundred migrants congregating in the parking lot, Home Depot stores experienced increased customer, employee, and neighborhood complaints.[3] While many migrants were on site peacefully, unfortunately others were not. Customers repeatedly reported being approached and harassed. Store associates repeatedly reported feeling unsafe while they attempted to go about their work. Community members complained about littering and noise.[4] Home Depot had, and continues to have, an obligation to ensure the safety of its customers and employees, including by preventing individuals from congregating on its property in a manner disruptive to its employees, customers, and neighbors.

In response to the growing crisis, and to fulfill its obligations to its customers and employees, Home Depot implemented increased security measures to reduce disruptions at its stores. This included procuring additional third-party security to assist in Chicago area stores and parking lots. These contract security guards included off-duty police officers who were hired, vetted, and supervised by Allied Universal under the terms of its agreement with Home Depot.

In their Amended Complaint, Plaintiffs seek to recast Home Depot's reasonable security

---

[2] *New Arrivals Situational Awareness Dashboard*, City of Chicago (Dec. 18, 2024), https://www.chicago.gov/city/en/sites/texas-new-arrivals/home/Dashboard.html, accessed May 19, 2025.
[3] Adriana Cardona-Maguidad, *Organizers try to calm chaos at a South Side Home Depot where migrants look for work*, WBEZ Chicago (Oct. 7, 2024) https://www.wbez.org/immigration/2024/10/07/organizers-try-to-calm-chaos-at-a-south-side-home-depot-where-migrants-look-for-work, accessed May 19, 2025.
[4] *Id*.

2

measures as part of a pervasive and ongoing scheme to place "specific and excessive attention on harassing, moving, and detaining day laborers perceived to be Venezuelan." Am. Compl. ¶ 42. While each Plaintiff alleges a distinct set of facts, they all generally allege that they were "detained and assaulted while seeking work at Home Depot Store #1986" by off-duty Chicago Police Department ("CPD") Officers ("Defendant Officers") and "insulted with xenophobic racial epithets." Am. Compl. ¶¶ 50–51. Three Plaintiffs allege abuse at the hands of Home Depot employees Rojas and Reid, and one alleges that Dominiak witnessed one instance of abuse. Am. Compl. ¶¶ 89-111, 125-54, 189-200. Finally, Plaintiffs allege that Soria was at work at Store 1986 on the days certain Plaintiffs were allegedly detained and that she knew of a scheme to target Plaintiffs. Am. Compl. ¶¶ 44-45. On the basis of these allegations, Plaintiffs bring eighteen causes of action under federal and Illinois law, ten of which are directed at the Home Depot Defendants.

**LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]hreadbare recitals of the elements of a cause of action" and "mere conclusory statements" are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Likewise, to survive a motion to dismiss for lack of standing under Fed. R. Civ. P. 12(b)(1), Plaintiffs must "clearly allege facts demonstrating each element." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (internal quotations omitted). Plaintiffs have not met these standards as to the Home Depot Defendants, and their claims should be dismissed.

**ARGUMENT**

**I.      COUNTS VI, VII, AND XIV SHOULD BE DISMISSED BECAUSE PLAINTIFFS**

**HAVE FAILED TO PLEAD THE ELEMENTS OF A CONSPIRACY.**[5]

**A. Plaintiffs fail to allege the existence of a conspiracy.**

Several of Plaintiffs' claims sound in conspiracy but fail to adequately allege that a conspiracy existed. The existence of a conspiracy is a necessary element under 42 U.S.C. §§ 1985(3) (Count VI),[6] 1986 (Count VI), and 1983 (Count VII), as well as Illinois state law (Count XIV). *See Milchtein v. Milwaukee Cnty.*, 42 F.4th 814 (7th Cir. 2022) (Section 1985(3) elements); *Burton v. Oak Point Univ.*, No. 1:24-CV-00295, 2024 WL 3338925 (N.D. Ill. July 9, 2024) (elements of Section 1983 under a theory of conspiracy); *Clay Fin. LLC v. Mandell*, No. 16 C 11571, 2017 WL 3581142 (N.D. Ill. Aug. 18, 2017) (elements of Illinois state law conspiracy).

To successfully plead a Section 1985 claim, Plaintiffs are required to "allege an express or implied agreement among the defendants to deprive them of their constitutional rights." *Milchtein*, 42 F.4th at 827. And Plaintiffs cannot rely on the type of group pleading that has been specifically rejected in this Circuit to do so. "Although every conspirator is responsible for others' acts within the scope of the agreement, it remains essential to show that a particular defendant joined the conspiracy and knew of its scope." *Bank of Am., N.A. v. Knight,* 725 F.3d 815, 818 (7th Cir. 2013); Fed. R. Civ. P. 8(a).

Relatedly, under Section 1986, a complaint does not sufficiently allege a cause of action unless it alleges the existence of a conspiracy prohibited by Section 1985. *Loy v. Clamme*, 804 F.2d 405, 408 (7th Cir. 1986). And a complaint that contains only bare, conclusory allegations of a conspiracy, without any recitation of supporting facts showing the existence of an unlawful

---

[5] Counts VI, VII and XIV are brought only as to individual Defendants.
[6] Plaintiffs apparently rely on subsection (3) of 42 U.S.C. § 1985, which provides for recovery based on a conspiracy to deprive persons of equal protection or of equal privileges and immunities. Subsection (1) is inapplicable because it applies only to conspiracies to prevent federal officers from performing their duties, and Subsection (2) is inapplicable because it applies only to conspiracies to obstruct justice by intimidating a party, witness, or juror. *See Bowman v. City of Franklin*, 980 F.2d 1104, 1008 n. 4 (7th Cir. 1992).

agreement, is insufficient to establish a cause of action under either Section 1985 or 1986.

The conspiracy requirement under Section 1983 is similar. The general rule is that only conduct committed by a person acting under color of state law can give rise to a Section 1983 claim. Plaintiffs have not alleged that Rojas, Reid, Dominiak, and Soria are state actors, so they must rely on the "joint action" theory. *Scott v. U. of Chicago Med. Ctr.*, 107 F.4th 752, 757 (7th Cir. 2024). To survive dismissal, Plaintiffs must point to more than "mere allegations of joint action or a conspiracy." *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998). As such, Plaintiffs must allege plausible facts that Rojas and Reid "had a meeting of the minds and thus reached an understanding…to deny" the Plaintiffs "a constitutional right." *Wilson v. Warren County*, 830 F.3d 464, 468 (7th Cir. 2016) (alterations omitted). "Merely working in parallel toward 'a common goal' is not the same as conspiring together." *Scott*, 107 F.4th at 758 (citation omitted).

The same requirement applies to the Illinois state law conspiracy claim in Count XIV. "A plaintiff must point to evidence showing the existence of a conspiracy and the defendants' knowing participation in that conspiracy and allege **specific facts warranting an inference that the defendant was a member of the conspiracy**." *Davidson v. Worldwide Asset Purchasing, LLC*, 914 F. Supp. 2d 918, 924 (N.D. Ill. 2012) (emphasis added).

Plaintiffs have not alleged facts to warrant an inference that Rojas, Reid, Dominiak, or Soria entered into an express or implied agreement to violate Plaintiffs' civil rights or knew of the scope of the alleged conspiracy. Instead, Plaintiffs vaguely allege that "[s]ome or all of the individual Defendants together reached an understanding, engaged in a course of conduct, and otherwise jointly acted and/or conspired…". Am. Compl. ¶ 253; *see also* ¶ 259 ("Some or all of the individual Defendants agreed between and among themselves…"), ¶ 299 ("the individual Defendants, acting in concert with other… coconspirators, conspired by concerted action…").

5

Such allegations are insufficient as a matter of law.

In *Briscoe v. LaHue*, the Seventh Circuit held that a conclusory allegation of conspiracy in an "omnibus paragraph" failed to state a Section 1983 claim because it was "wholly devoid of facts." 663 F.2d 713 (7th Cir. 1981), aff'd, 460 U.S. 325 (1983). Here too, Plaintiffs' Amended Complaint is wholly devoid of facts upon which a claim for relief can be based, and courts must dismiss conspiracy claims where plaintiffs do not describe the conspiracy, except to say it exists. *Smith v. Lutheran U. Assn. Inc.*, No. 2:21-CV-178-TLS-JPK, at *4, 2021 WL 4902492 (N.D. Ind. Oct. 21, 2021). For these reasons, Counts VI, VII, and XIV must be dismissed as to Rojas, Reid, Dominiak, and Soria.

### B. Plaintiffs have failed to allege facts plausibly supporting a claim for neglect to prevent a racially motivated conspiracy under 42 U.S.C. § 1986.

Even if Plaintiffs had pleaded sufficient facts to support a Section 1985 claim against Rojas, Reid, Dominiak, and Soria, which they have not, they have not alleged sufficient facts to support a separate claim under Section 1986 in Count VI. For their Section 1986 claim to succeed, Plaintiffs must plausibly allege that Rojas, Reid, Dominiak, and Soria knew a conspiratorial wrong was about to be committed, had power to prevent or aid in preventing the commission of this wrong, and neglected to do so. *Burton*, 2024 WL 3338925, at *4.

Plaintiffs have not alleged that Rojas, Reid, Dominiak, or Soria knew about the existence of a conspiracy or that a conspiratorial wrong was about to be committed. *See* discussion supra at 4-6. Allegations that Rojas, Reid, and Dominiak either committed or witnessed isolated wrongful acts is insufficient to establish a conspiracy. And Plaintiffs have not alleged that Reid, Dominiak, or Soria had the power to prevent the conspiratorial wrongs alleged, having pleaded no facts at all that suggest a supervisory relationship between any of these Defendants and the Defendant Officers. Plaintiffs have alleged no other practical manner in which Reid, Dominiak, or Soria could

have exercised authority over those Defendants. Plaintiffs' conclusory assertion that all individual Defendants "[had] the power to prevent or aid in preventing the commission…" of the alleged unlawful acts is insufficient to state a Section 1986 claim. Am. Compl. ¶ 255.

II. **PLAINTIFFS FAIL TO STATE A CLAIM FOR FALSE ARREST (COUNT XII) OR MALICIOUS PROSECUTION (COUNT XIII).**[7]

    A. **Plaintiffs have failed to allege facts plausibly demonstrating that their criminal prosecutions were terminated in a matter indicative of their innocence.**

In Illinois, claims of malicious prosecution must be based on underlying criminal prosecutions that are terminated "in a manner indicative of the plaintiff's innocence." *Thompson v. City of Chicago*, 722 F.3d 963, 978 (7th Cir. 2013). Facts indicative of a plaintiff's innocence must be set forth in the complaint. *Daoud v. City of Chicago*, No. 21 C 6663, 2023 WL 5389015 at *5 (N.D. Ill. Aug. 22, 2023). Plaintiffs' conclusory allegation that "[t]he charges against Plaintiffs were terminated in their favor," Am. Compl. ¶ 295, is insufficient. *Daoud*, 2023 WL 5389015 at *5 ("[Plaintiff's] conclusory allegations that the criminal proceedings were terminated in his favor in a manner indicative of his innocence leave too much to be desired—they do not indicate who dismissed the allegations, how or why they did so, or any other circumstances plausibly showing that the charges were terminated in a manner indicative of [Plaintiff's] innocence.").

Plaintiffs Camacho, Gomez, Gimenez, and Montano allege that charges against them were dismissed, but they provide no details regarding the basis for the dismissals that could plausibly indicate their innocence.[8] Am. Compl. ¶¶ 120, 159, 182, 205. Count XIII must therefore be

---

[7] Counts XII and XIII are brought against Defendants Rojas, Reid, and Dominiak.
[8] Although Plaintiffs failed to include more details about the resolution of their criminal cases in the Amended Complaint, publicly available court information indicates that the State decided to nolle prosequi the charges after the completion of community service hours in the case of Gomez and struck the criminal case with leave to reinstate in the case of Camacho, neither of which is indicative of innocence. *Simenson v. City of Joliet*, No. 18-CV-00608, 2019 WL 3716868, at *8 (N.D. Ill. Aug. 7, 2019).

dismissed against Rojas, Reid, and Dominiak.

### B. Plaintiffs' malicious prosecution claim fails because they have not alleged that the initiation of the prosecutions is attributable to Defendants Rojas, Reid, or Dominiak.

Under Illinois law, Plaintiffs must allege "sufficient facts to attribute the legal causation of the original criminal action against the plaintiff to [non-officer defendants]." *Gesberger v. Vella*, 379 N.E.2d 947, 942 (Ill. App. 2d Dist. 1978). This requires alleging that a "defendant requested, directed or pressured an officer into swearing out a complaint for plaintiff's arrest, or that defendants knowingly gave false information to the police." *Denton v. Allstate Ins. Co*., 504 N.E.2d 756 (Ill. App. 1st Dist. 1986).

In *Gesberger*, a police officer relied on information from a store security guard to arrest a plaintiff on charges that were later dropped. The court considered whether the actions of the arresting officer could be attributed to the security guard. 379 N.E.2d at 949. Because the plaintiff did not allege that the security guard knowingly made false statements to the police, nor did he direct, request, or pressure the police officer or any other official to proceed against the plaintiff, the court affirmed the dismissal of the false arrest counts. Similarly, here, Plaintiffs have not pleaded any facts suggesting that Rojas, Reid, or Dominiak either lied to police or directed, requested, or pressured police into arresting Plaintiffs. Nor have Plaintiffs alleged that Rojas, Reid, or Dominiak lied to or pressured prosecutors, other than the conclusory statement that "[Defendants] made statements to prosecutors with the intent of exerting influence and to institute and/or continue judicial proceeding." Am. Compl. ¶ 292. This conclusory allegation is insufficient to support a claim of malicious prosecution.

### C. Counts XII and XIII fail because Plaintiffs have not adequately alleged an absence of probable cause.

Plaintiffs have not adequately alleged an absence of probable cause, which is a required

element for both false arrest and malicious prosecution. *Gaddis v. DeMattei*, 30 F.4th 625, 633 (7th Cir. 2022) (elements of false arrest); *Fabiano*, 784 N.E.2d at 265 (elements of malicious prosecution). To successfully plead false arrest and malicious prosecution, Plaintiffs must allege that there was no probable cause for their arrests. They have alleged no such thing.[9] Plaintiffs merely recite the elements of malicious prosecution in Count XIII, and they do not even do that much for false arrest in Count XII. *See* Am. Compl. ¶ 292 ("The individual Defendants… initiated and continued false criminal charges against Plaintiffs without probable cause…"); ¶¶ 287–89 (alleging false arrest without even a bare recitation of the elements). Therefore, the claims for malicious prosecution and false arrest against Rojas, Reid, and Dominiak must be dismissed.

### D. Plaintiffs' false arrest claim fails because they have not alleged that Defendants Rojas, Reid, or Dominiak commanded or pressured police to arrest them.

To the extent Plaintiffs purport to bring a claim for false arrest based on Plaintiffs' arrest by Chicago Police, this claim fails. Under Illinois law, private citizens can only be found liable for false arrest if they command or mount a campaign against the police "in order to procure the plaintiff's arrest." *Gaddis*, 30 F.4th at 633. Rojas, Reid, and Dominiak are private citizens, and Plaintiffs have not alleged that they commanded or mounted a campaign to the police.

Plaintiffs have alleged that Rojas and Reid initiated criminal complaints against Camacho (Am. Compl. ¶ 111), Gimenez (¶ 153), and Montano (¶ 200). Plaintiffs have not alleged that Dominiak initiated a criminal complaint against any Plaintiff. Plaintiffs have not alleged that Rojas, Reid, or Dominiak lied to police, pressured them, or otherwise campaigned to obtain the arrests of these three Plaintiffs. "[G]iving information to police in itself is insufficient to constitute participation in an arrest." *Odorizzi v. A. O. Smith Corp.*, 452 F.2d 229, 232 (7th Cir. 1971). Taking

---

[9] Three of the Plaintiffs were caught and written up for shoplifting at Store 1986 on the same dates they claim to have been falsely arrested. Each of those Plaintiffs was trespassed from the store and arrested for criminal trespass.

9

Plaintiffs' allegations as true, Rojas and Reid have, at most, provided information to the police, which cannot sustain a claim for false arrest; Dominiak has not even done that.

### III. COUNT VIII FAILS TO STATE A CLAIM FOR DENIAL OF EQUAL PROTECTION BASED ON RACE IN THE MAKING AND ENFORCEMENTS OF CONTRACTS.[10]

Plaintiffs fail to state a claim under 42 U.S.C. § 1981 because they have not alleged a specific contractual relationship that has been impaired or an adverse employment action they have suffered due to Rojas, Reid, Dominiak, or Soria's alleged conduct. To state a Section 1981 claim, Plaintiffs must allege that they have suffered an adverse employment action. *Bratton v. Roadway Package System, Inc.*, 77 F.3d 168, 176 (7th Cir. 1996). "Any claim brought under § 1981 ... must initially identify an impaired contractual relationship ... under which the plaintiff has rights." *DJM Logistics, Inc. v. FedEx Ground Package System, Inc.*, 39 F.4th 408, 413 (7th Cir. 2022).

Plaintiffs have not identified impairment of any actual or potential contract in their Amended Complaint. Rather, they have alleged in a conclusory manner that Defendants "interfered with Plaintiffs' protected activity to make and/or enforce contracts as day laborers" and that "as a direct and proximate result… Plaintiffs suffered physical and emotional injuries and damages..." Am. Compl. ¶¶ 266–67. Nowhere do Plaintiffs articulate that they suffered an adverse employment action, such as losing pre-existing contracts or having offers of work rescinded.

Count VIII additionally fails because Plaintiffs have not alleged that, but for their race, they would not have suffered an adverse employment or contractual action. A Section 1981 plaintiff bears the burden of showing that race was a but-for cause of his injury, including at the pleading stage. *Comcast Corp. v. Natl. Assn. of African Am.-Owned Media*, 589 U.S. 327, 333 (2020). Even if Plaintiffs had alleged an adverse employment action, which they have not, Plaintiffs have failed

---

[10] Count VIII is brought against Defendants Rojas, Reid, Dominiak, and Soria.

to link the adverse action with their membership in a protected class.

### IV. COUNT XVII FAILS BECAUSE PLAINTIFFS ALLEGE NO FACTS PLAUSIBLY SUPPORTING A CLAIM OF RESPONDEAT SUPERIOR LIABILITY.[11]

As a preliminary matter, Count XVII fails to put Home Depot on notice as to what it could be liable for because it is unclear whether the Amended Complaint's respondeat superior claim is predicated on just the actions of Defendant Officers. *See Bank of Am.*, 725 F.3d at 818 ("Each defendant is entitled to know what he or she did that is asserted to be wrongful."). Despite a conclusory allegation that "each of the individual Defendants was an employee and agent of Home Depot," Count XVII alleges only that Home Depot is liable for all state law torts committed by the Defendant *Officers*. *Cf.* Am. Compl. ¶¶ 322-23. The vagueness of this claim leaves Home Depot to guess what specifically Plaintiffs are alleging. This alone requires the dismissal of this claim. *See Bank of Am.*, 725 F.3d at 818.

A plaintiff alleging a respondeat superior theory must show that a principal-agent or employer-employee relationship existed. *Washington v. Ill. Dep't of Corr.*, No. 13 C 5977, 2014 WL 2535115, at *4 (N.D. Ill. June 5, 2014). At the pleading stage, a complaint must include factual allegations tracking these elements, not mere threadbare recitals. *Moss v. Singleton*, 110 F. Supp. 3d 876, 886 (N.D. Ill. Jun. 18, 2015). Plaintiffs have not made any factual allegations that suggest a principal-agent relationship existed between Home Depot and the Defendant Officers. Plaintiffs allege that each individual Defendant "was an employee and agent of Home Depot, acting at all relevant times within the scope of his employment"[12] and therefore, "Home Depot is liable for all

---

[11] Count XVII is brought only as to Defendant Home Depot.
[12] Plaintiffs' allegation that the Defendant Officers were employed by Home Depot is entirely baseless. Plaintiffs know that the Defendants Officers were contract security employed by Allied Universal, as demonstrated by Plaintiffs' April 14, 2025 subpoena to Allied Universal and a stray reference in the original Complaint. Compl. ¶ 292. Courts applying Illinois law have found overwhelmingly that security officers employed by third-party security companies, like Allied, are not agents of the contracting company. *See DeAngelo v. Village of Rosemont*, No. 1:17 C 2571, 2019 WL 527529

state law torts committed by the Defendant Officers alleged" within the Amended Complaint. *See* Am. Compl. ¶¶ 322-23. This threadbare recital of the elements lacks any specific facts suggesting the existence of an employment or principal-agent relationship between Home Depot and the Defendant Officers. As such, Count XVII should be dismissed.

Plaintiffs are also required to allege that the Defendant Officers' alleged actions, which include beating, berating, and insulting Plaintiffs on the basis of their national origin, were within the scope of the Defendant Officers' relationship with Home Depot. *Moss*, 110 F. Supp. at 885–86; Am. Compl. ¶¶ 65–76, 99–107, 132–147, 164-171, 190-198. Under Illinois law, principals can be held liable for agents' intentional torts under a theory of respondeat superior only if the conduct is of the kind the agent is authorized to perform and is actuated, at least in part, with the intention of serving the principal. *Moss*, 110 F. Supp. at 885–86; *Thomas v. L'Eggs Products, Inc.*, 13 F. Supp. 2d 806, 810 (C. Dist. Ill Jul. 30, 1998) ("sexually harassing and battering a co-employee is by definition not within the job description [of the employee]"). Plaintiffs have not alleged, even in a conclusory manner, that the alleged intentional torts were committed in the scope of the Defendant Officers' employment or with the intention of serving Home Depot.[13]

## V. COUNT XV FAILS BECAUSE PLAINTIFFS FAIL TO STATE A CLAIM FOR GROSS NEGLIGENCE BASED ON THE DEFENDANT OFFICERS' ACTIONS.[14]

Despite conclusory claims in paragraphs 305 and 306 that the Defendant CPD Officers

---

(N.D. Ill. Feb. 11, 2019); *Dixon v. MB Real Estate Servs., LLC,* 2016 WL 3177987, ¶¶ 15–20 (Ill. App. 1st. Dist. 2016); *Amigo's Inn Inc. v. License Appeal Comm'n of City of Chi.*, 822 N.E.2d 107, 114–15 (Ill. App. 1st Dist. 2004)

[13] If Plaintiffs intended to bring respondeat superior claims based on the actions of Defendants Rojas, Reid, Dominiak, or Soria in addition to or instead of those of the Defendant Officers, those claims likewise fail. In the case of Rojas and Reid, Plaintiffs have not alleged that the intentional torts they are alleged to have committed were committed in the scope of their employment or with the intention of serving Home Depot. As to Dominiak and Soria, as explained in this memorandum, the Amended Complaint has not alleged any viable claims against them, and a respondeat superior claim based on their conduct must fail. "Respondeat superior is not an independent cause of action, and must be predicated on an underlying tortious act by the accused's employee or agent." *Simon v. Northeastern University*, 183 F. Supp. 3d 908, 919 (N.D. Ill. 2016).

[14] This claim is brought against all Home Depot Defendants.

Martinez, Alvarez, and Doe Officers, as well as non-CPD Defendant Officers Pater and Gaytan, "were acting … as employees and/or agents of Defendant[] Home Depot," as noted above, there are no facts alleged in the Amended Complaint that plausibly establish that the Defendant Officers were employees or agents of Home Depot. This claim should be dismissed insofar as it purports to assign liability to Home Depot based on the actions of the Defendant Officers.

## VI. COUNTS X, XI, XII AND XIII SHOULD BE PARTIALLY DISMISSED AS TO PLAINTIFFS WHO ALLEGE NO INTERACTION OR WRONGDOING BY INDIVIDUAL HOME DEPOT EMPLOYEES.

Plaintiffs bring several counts premised on intentional torts but fail to allege facts that could support liability against each Home Depot employee for each individual Plaintiff. An intentional tort claim cannot survive when no interaction has even been alleged to have taken place between certain Plaintiffs and certain Defendants.

Count X (Assault & Battery) and Count XI (IIED) are brought by all Plaintiffs against Rojas and Reid. Am. Compl. ¶¶ 277-82. Yet Plaintiffs allege no interaction whatsoever involving Plaintiffs Arias and Gomez and Defendants Rojas or Reid, so these Plaintiffs' claims should be dismissed. Likewise, Camacho and Gonzalez allege no interaction whatsoever with Reid to support battery or IIED claims, so those claims should be dismissed as to Reid. And Montano alleges no interaction with Rojas, so Montano's claims should be dismissed as to Rojas.

Similarly, Count XII (False Arrest) is brought by all Plaintiffs against Rojas, Reid, and Dominiak. Am. Compl. ¶¶ 287-89. Again, Plaintiffs Arias and Gomez do not allege any interaction with Defendants Rojas, Reid, or Dominiak, and those Plaintiffs' False Arrest claim should be dismissed as to the Home Depot Defendants. Camacho did not interact with Reid, and his False Arrest claim should be dismissed as to Reid. Gonzalez did not interact with Reid or Dominiak, and his False Arrest claim should be dismissed as to Reid and Dominiak. And Montano did not interact with Rojas or Dominiak, so his False Arrest claim should be dismissed as to those Defendants.

Finally, Count XIII (Malicious Prosecution) is brought by Plaintiffs Gomez, Montano, Camacho, and Gimenez against Rojas, Reid, and Dominiak. Am. Compl. ¶¶ 290-96. Gomez does not allege any interaction with any Home Depot Defendant, and his Malicious Prosecution claim should be dismissed as to all Home Depot Defendants. Camacho did not interact with Reid, and his Malicious Prosecution claim should be dismissed as to Reid. Gonzalez did not interact with Reid or Dominiak so his claim should be dismissed as to those Defendants. And Montano did not interact with Rojas or Dominiak, so his claim should be dismissed as to Rojas and Dominiak.

In summary, the intentional torts should be dismissed insofar as they purport to assign liability for intentional torts to Defendants who, even taking all of Plaintiffs' allegations as true, did not even interact with certain Plaintiffs.

## VII. COUNTS X, XI, AND XII SHOULD BE PARTIALLY DISMISSED AS TO PLAINTIFF LATINO UNION, WHICH LACKS STANDING TO ALLEGE INJURY FROM INTENTIONAL TORTS.

Plaintiff Latino Union, a not-for-profit corporation, lacks standing to bring suit for the intentional torts pleaded in Count X (Assault & Battery), Count XI (IIED), Count XII (False Arrest). These claims are brought by "all Plaintiffs," but the Amended Complaint alleges facts only sufficient to support claims that these intentional torts were committed against individual Plaintiffs; not, of course, against a not-for-profit organization. Plaintiffs must plead facts sufficient to establish the required elements of Article III standing: an injury in fact, which is concrete and particularized, not conjectural or hypothetical; a causal relationship between the injury and the alleged conduct; and a likelihood that the injury will be redressed by a favorable decision. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003). Here, Latino Union fails to satisfy the first element – an injury in fact. The intentional torts alleged to have been suffered by the individual Plaintiffs cannot, by their nature, be suffered by an organization. As such, Counts X, XI, and XII should be dismissed as to Latino Union.

## VIII. ALL COUNTS SHOULD BE DISMISSED AS TO VALERIA SORIA BECAUSE THE AMENDED COMPLAINT CONTAINS ONLY BARE CONCLUSORY ALLEGATIONS AGAINST HER.

The Amended Complaint contains only scattered references regarding Defendant Soria, and none of those are sufficient to sustain the serious claims brought against her.[15]

The entirety of Plaintiffs' allegations regarding Soria can be found in paragraphs 43-45 of the Amended Complaint. Namely, Plaintiffs allege that Soria is an Asset Protection Supervisor employed by Home Depot (Am. Compl. ¶ 43), that she was "aware of Defendants' scheme to target Plaintiffs based on, among other things, their race, ethnicity, and national origin" (¶ 44), and that she was present at Store 1986 on the days Plaintiffs Gimenez, Camacho, and Montano were detained and "helped facilitate their detention and physical abuse" (¶ 45).

Of these allegations, the only factual allegations are that Soria is employed as an Asset Protection Supervisor and that she was present at Store 1986 on the days of three Plaintiffs' detentions. Neither fact is indicative of any type of wrongdoing. Where factual allegations are equally consistent with lawful conduct as with wrongdoing, they cannot alone sustain legal claims. *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). The other allegations are mere conclusory statements that Soria was aware of a scheme to abuse three Plaintiffs and that she, vaguely, helped facilitate their detention and abuse. These conclusory statements are insufficient to support the claims brought against her. *Ashcroft*, 556 U.S. at 678. Because Plaintiffs fail to give Soria notice of what, specifically, she is being accused of, all claims against her should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should fully dismiss Counts VI, VII, VIII, XII, XIII, XIV, and XVII with prejudice and partially dismiss Counts X and XI, and XV with prejudice.

---

[15] These include conspiracy to deprive plaintiffs of their constitutional rights (Counts VI and VII), conspiracy to commit various state torts (Count XIV), denial of equal protection in the making and enforcement of contracts (Count VIII), and gross negligence (Count XV)

15

Date: May 30, 2024                    */s/ Zachary T. Fardon*
Zachary T. Fardon (ARDC No. 6292156)
Jade R. Lambert (ARDC No. 6290000)
Leksa V. Pravdic (ARDC No. 6339531)
KING & SPALDING LLP
110 N Wacker Drive, Suite 3800
Chicago, IL 60606
Telephone: (312) 995-6333
zfardon@kslaw.com
jlambert@kslaw.com
lpravdic@kslaw.com

*Counsel for Home Depot USA, Inc., Alejandro Rojas, Donnie Reid, Matthew Dominiak, and Valeria Soria*